UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD DAVIDSON,                                              **DECISION**
                            Plaintiff,                             **and**
     v.                                                                   **ORDER**

UDAY K. DESAI, M.D., *et. al.*,                              **03-CV-121S(F)**
                            Defendants.
_____

APPEARANCES:          RONALD DAVIDSON, *Pro Se*
                                 76-A-1166
                                 Shawangunk Correctional Facility
                                 Box 700
                                 Wallkill, New York    12589

                                 ANDREW M. CUOMO
                                 NEW YORK STATE ATTORNEY GENERAL
                                 Attorney for Defendants
                                 DARREN LONGO
                                 Assistant Attorney General, of Counsel
                                 107 Delaware Avenue
                                 Buffalo, New York    14202

       In this prisoner civil rights action brought under 42 U.S.C. § 1983 alleging, *inter alia*, violations of Plaintiff's Eighth Amendment rights based on Defendants' deliberate indifference to Plaintiff's medical needs, Plaintiff moves, by papers filed October 12, 2007, to compel inspection, in accordance with a schedule proposed by Plaintiff, of his medical records maintained by prison officials (Doc. No. 86) ("Plaintiff's motion"). By affidavit, filed January 22, 2008, Plaintiff complained that Defendants had failed to serve a final pretrial statement, and representing that because Plaintiff was expected to undergo surgical procedures, a rescheduling of Plaintiff's expected trial was necessary (Doc. No. 90) ("Plaintiff's Affidavit"). In Plaintiff's Affidavit, Plaintiff also noted Defendants had failed to timely respond to Plaintiff's motion. Finally, Plaintiff requested

appointment of counsel and that Defendants be barred from filing dispositive motions because of "rude and unprofessional" conduct on the part of Defendants' attorney.

By papers, filed January 22, 2008, Defendants moved for leave to file manually and under seal copies of Plaintiff's medical records, maintained by the New York State Department of Correctional Services for the period 1999 to 2002 responsive to Plaintiff's request (Doc. No. 91) ("Defendants' motion").  According to Defendants, granting Defendants' motion and service of a copy of such records upon Plaintiff, will render Plaintiff's motion moot.

On January 31, 2008, Plaintiff filed his reply affidavit (Doc. No. 93) objecting to Defendants' belated response to Plaintiff's motion and requesting Plaintiff's motion be granted as unopposed ("Plaintiff's Reply").  In Plaintiff's Reply, Plaintiff further contends that to assure the completeness of the records responsive to Plaintiff's motion, it will be necessary for Plaintiff to personally inspect such records, prior to making any copies. On January 31, 2008, Defendants filed the Reply Declaration of Darren Longo, Assistant New York State Attorney General, (Doc. No. 94) ("Defendants' Reply Declaration"), in which Defendants agreed to provide copies of the medical records to Plaintiff without cost to Plaintiff, and that based on the allegations in Plaintiff's Amended Complaint, the records Defendants intend to provide to Plaintiff are those relevant to Plaintiff's claim.  On February 13, 2008, Plaintiff filed another affidavit insisting that because of the voluminous nature of his medical records, and the fact that in other federal litigation Plaintiff was permitted to conduct the inspection he requested in this case, Plaintiff's motion should, notwithstanding Defendants' proposal, be granted (Doc. No. 95).

First, the court did not enter a scheduling order in connection with Plaintiff's motion. Accordingly, as a response to Plaintiff's motion, Defendants' motion cannot be said to be unduly delayed, and Plaintiff's request to grant Plaintiff's motion as unopposed is DENIED.

Second, based on its review of the record, no request for inspection of records was served by Plaintiff pursuant to Fed.R.Civ.P. 34(a) ("Rule 34(a)"), and filed as required by Local Rule of Civil Procedure 7.1(a)(1). Notwithstanding the apparent absence of a prerequisite request pursuant to Rule 34(a), and treating Plaintiff's motion as one to compel such inspection without compliance with the requirements of Fed.R.Civ.P. 37(a)(1), based on Defendants' response, Plaintiff's motion should be DISMISSED as moot, and Defendants' motion should be GRANTED in part, and DENIED in part.

Plaintiff does not contest the medical records which Defendants propose to provide to Plaintiff are the only records relevant to Plaintiff's claim. While Plaintiff asserts that unless he personally inspects his records there is risk that what is copied and provided by Defendants will not be complete. However, Plaintiff fails to provide any specific evidence of the likelihood of such incompleteness or any reason to believe, other than Plaintiff's generalized assertions, Defendants will fail to provide a complete copy of Plaintiff's records for the relevant time period. Moreover, Rule 34(a) does not guarantee that the records subject to an inspection and production request will be complete. Accordingly, Plaintiff's assertions of potential mishandling or failure to maintain his medical records amounting to sanctionable spoliation by Defendants are premature at this time.

However, the court finds that filing copies of Plaintiff's records with the Clerk of Court in accordance with Local Rule 7.1(a)(1), as Defendants' motion proposes, is not required. To the extent reference to such records may be needed for further motion practice in this case, they may be provided to the court under seal at that time.

Finally, Plaintiff's request for assignment of counsel is DENIED. In the event Plaintiff's case survives summary judgment, an issue which is likely to turn on the court's evaluation of Plaintiff's medical records and opposing affidavits, under applicable caselaw, Plaintiff may renew his request prior to trial.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 86) is DISMISSED as moot; Defendants' motion (Doc. No. 91) is GRANTED in part, and DENIED in part. Plaintiff's request for assignment of counsel is DENIED, without prejudice. Defendants shall provide to Plaintiff copies of Plaintiff's medical records for the period 1999 to 2002 without cost <u>within</u> <u>10</u> <u>days</u> of this Decision and Order.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 25, 2008
　　　　Buffalo, New York

**Plaintiff is advised that any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court not later than 10 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**