UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD DAVIDSON,

                    Plaintiff           EAGAN

-vs-                                                    DECLARATION

                                                            **Docket No: 03-CV-0121**

UDAY DESAI, et al.,

                    Defendants.
_____

      Thomas Eagen, declares under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

    1. I was formerly employed by the New York State Department of Correctional Services ("DOCS"). At all times relevant to this lawsuit, I was employed by DOCS as Director of the Inmate Grievance Program.

    2. I make this declaration in support of the Defendants' Motion for Summary Judgment based upon my personal knowledge, as well as a review of pertinent DOCS records.

    3. I am informed that the Plaintiff in this action alleges that I violated his civil rights. Specifically, the plaintiff claims that he spoke with me on two occasions regarding the Inmate Grievance Program, and that I acknowledged Plaintiff's complaints and dealings with Sheryl Graubard, the Inmate Grievance Program Coordinator at the Elmira Correctional Facility, but refused to intervene (Complaint ¶¶ 71 to 73, 222, and 236). I am also informed that the Plaintiff alleges that I deliberately lost or ignored grievances in an attempt to block litigation efforts (Complaint ¶¶ 216 to 217).

    4. I recall speaking to the Plaintiff, although I do not recall my response to him. In my role

as Director of the Inmate Grievance Program, I was frequently approached by inmates when I would tour different facilities, regarding various complaints and grievances. My standard response was to remind them of the DOCS protocol for inmate complaints and grievances, which was to file a grievance with the Inmate Grievance Review Committee ("IGRC"). Complaints and grievances which were sent directly to me were returned to the inmate, to be filed in accordance with DOCS protocol.

5. If an inmate was not satisfied with the outcome in front of the IGRC, he could appeal to the Facility Superintendent, and from there to the Central Office Review Committee ("CORC").

6. It should be noted that once a grievance is appealed to CORC, I, as Director of the Inmate Grievance Program, did not actually have a vote on whether to uphold the decision being appealed.

7. I have never been presented with any evidence that Ms. Graubard was ignoring or intentionally losing grievances at Elmira, and have no reason to believe that she did.

8. I deny that I ever intentionally lost or ignored the plaintiff's grievances or those of any other inmate, while I was Director of the Inmate Grievance Program.

9. I note that the plaintiff filed many grievances while he was at Elmira, so it would seem that his grievances were not being ignored.

10. Accordingly, I respectfully request that this Honorable Court grant this Motion for Summary Judgment and dismiss the plaintiff's Complaint.

DATED:     November  17 , 2009

                                                          /s/ Thomas Eagen
                                                          THOMAS EAGEN