UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD DAVIDSON,

        Plaintiff,

   -vs-

                                      **Docket No: 03-CV-0121**

UDAY DESAI, et al.,

        Defendants.

_____


**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 56 (a) AND
MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 12(C) AND 56 (a)**

ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Defendants
BY: GEORGE MICHAEL ZIMMERMANN
Assistant Attorney General of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 853-8444
George.Zimmerman@oag.state.ny.us

# PRELIMINARY STATEMENT

Plaintiff, is an inmate in the care and custody of the New York State Department of Correctional Services ("DOCS"). The defendants are all current of former employees of DOCS. The two-hundred and sixty paragraphs of the Complaint (Doc. No. 1), are mainly concerned with the plaintiff's health and medical treatment (Complaint ¶¶ 1 - 134), however they also allege purportedly related issues, including the handling of inmate grievances (especially concerning medical treatment, Complaint ¶¶ 82 - 83), exposure to second hand smoke (Complaint ¶¶ 157 - 177), improper searches (Complaint ¶¶ 65 to 66), failure to provide access to medical records (Complaint ¶¶ 254 - 258), violations of medical privacy (Complaint ¶¶ 180 - 192), failure to provide proper eye glasses (Complaint ¶¶ 193 - 201), failure to provide a proper diet (Complaint ¶¶ 205 - 207), and ignoring sick call out request (Complaint ¶¶ 243 - 250). All of these causes of action are alleged to be pursuant to 42 USC 1983, and based upon the First, Eighth and Fourteenth Amendments to the United States Constitution. (Complaint Pgs. Numbered 5, and 6).

This memorandum is submitted in support of defendants' Motion to Dismiss on the Pleadings and for Summary Judgment. Due to the great number of defendants, and the rambling nature of plaintiff's Complaint, counsel for defendants has made his best attempt to sort out the various allegations against all defendants, but acknowledges that some may have slipped through the cracks, so to speak. For the reasons and authorities that follow, defendants' motion must be granted.

# STATEMENT OF FACTS

For a full recitation of the facts, defendants respectfully refer the Court to the Statement of Undisputed Facts, along with the declarations of the undersigned, as well as the declarations of

Floyd G. Bennett, Wesley Canfield, Uday Desai, Thomas Eagen, Heman Fowler, Sheryl Graubard, Marijon Hopkins, Marshall Trabout, Lester Wright, and Cheng Yin all of which have been submitted contemporaneously herewith.

## LEGAL STANDARD FOR GRANTING
## A MOTION TO DISMISS ON THE PLEADINGS

In a Motion to Dismiss on the Pleadings under Rule 12(c), the Court must apply the same standard as that applicable to a motion under Rule 12(b)(6). Burnette v. Carothers, 192 F.3d 52, 56 (1999), cert. denied, 531 U.S. 1052 (2000).  In determining a motion to dismiss under Rule 12(b)(6), the court must presume all factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party. Hamilton Chapter of Alpha Delta Phi v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir 1997), quoting Conley v. Gibson, 355 U.S. 41, 46 (1957).  Legal conclusions, deductions, or opinions, on the other hand, are not given a presumption of truthfulness. See e.g. Albany Welfare Rights Org. Day Care Ctr., Inc. v. Schreck, 463 F.2d 620 (2d Cir. 1972), cert. denied, 410 U.S. 944 (1973).  Further, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. (Citations omitted)" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## LEGAL STANDARD FOR GRANTING SUMMARY JUDGMENT

Federal Rule 56 permits a court to grant summary judgment where there is no material issue of fact, and the moving party is entitled to judgment as a matter of law. Celotex Corp. v.

<u>Catrett</u>, 477 U.S. 317, 322 (1986). "While genuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, materiality runs to whether the dispute matters, <u>i.e.</u>, whether it concerns facts that can affect the outcome under the applicable substantive law. (internal citations omitted)" <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).

A party moving for summary judgment can meet its burden either by producing evidence showing the absence of a genuine issue of material fact, or by pointing out to the court that there is an absence of evidence supporting one or more essential elements of the non-moving party's case. <u>Celotex Corp. v. Catrett</u>, *supra* at 325. The party opposing a motion for summary judgment must set forth concrete particulars; it is not sufficient merely to assert conclusory allegations without supplying supporting arguments or facts. <u>Bickerstaff v. Vassar College</u>, 196 F.3d 435, 451 (2d Cir. 1999) (citing <u>Schwapp v. Town of Avon</u>, 118 F.3d 106, 111 (2d Cir. 1997)). Moreover, a Summary Judgment Motion will not be defeated merely on the basis of a "metaphysical doubt" about the facts, <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986), or on the basis of "conjecture or surmise." <u>Savino v. City of New York</u>, 331 F.3d 63, 71 (2d Cir. 2003) citing <u>Bryant v. Maffucci</u>, 923 F.2d 979, 982 (2d Cir.).

## POINT I

### PLAINTIFF'S ENVIRONMENTAL TOBACCO SMOKE CLAIMS ARE WITHOUT MERIT

Plaintiff alleges that defendants are liable for subjecting him to environmental tobacco smoke ("ETS"), or allowing him to be subjected to it (Complaint ¶¶ 157 - 177). In order to state a claim under the Eighth Amendment for exposure to ETS, the plaintiff must satisfy a two prong

test. The objective prong requires that the plaintiffs demonstrate that he is incarcerated under conditions that pose a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Where ETS is the condition alleged to satisfy the objective component, the plaintiff must show that he is personally "being exposed to unreasonably high levels of ETS." Helling v. McKinney, 509 U.S. 25, 36 (1993). Subjectively, the court must consider whether the risk that the prisoner complains of is one "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Id. at 36. With respect to ETS claims, deliberate indifference "should be determined in light of the prison authorities' current attitudes and conduct," and that the implementation of reasonable smoking policies could "bear heavily on the inquiry into deliberate indifference." Helling, 509 U.S. at 36. Further, "[t]he threatened health problems must be '"sufficiently imminent" and 'sure or very likely to cause serious illness and needless suffering in the next week or month or year.'" Atkins v. County of Orange, 372 F. Supp. 2d 377, 408 (S.D.N.Y. 2005).

Since January 1, 2001, DOCS has banned all in-door smoking within its correctional facilities. Statement of Facts ¶ 34. Further, the plaintiff merely alleges that he has an allergy, which is aggravated not only by second hand smoke but also by dust, mold, pollen and other allergens (Complaint ¶ 157). When an inmate seeks damages the Constitution is not implicated where there is no evidence in the record that there is a causal relationship between the exposure and the conditions suffered by plaintiff. Oliver v. Deen, 77 F.3d 156 (7th Cir. 1996). Moreover, lay testimony by itself cannot establish the showing of medical causation necessary to sustain an Eight Amendment claim. Goffman v. Gross, 59 F.3d 668 (7th Cir. 1995). Plaintiff must demonstrate that his degree of exposure was enough to cause or aggravate a current or future

serious illness. <u>Davidson v. Coughlin</u>, 920 F.Supp. 305, 308 (N.D.N.Y. 1996). This is because the basic purpose of a § 1983 compensatory damages award is to compensate persons for a physical injury actually caused by the deprivation of a constitutional right. <u>Babcock</u>, 102 F.2d at 272. Here, the defendants have shown that they have implemented a policy to control ETS and the plaintiff has not suffered any ill effects from his alleged exposure to ETS. This claims must be dismissed.

## POINT II

### DEFENDANTS EAGEN, TRABOUT, GOORD, AND WRIGHT HAD NO PERSONAL INVOLVEMENT WITH THE PLAINTIFF

The plaintiff alleges that the defendants Eagen, Trabout, Goord, and Wright were deliberately indifferent to his health under the various causes of action (e.g. Complaint ¶¶ 54, 69, 74, 75, 97, 112, 142, 158, 179, 188, 191, 202, 212, 220). He alleges that he wrote or spoke to several of these defendants, and received a reply from Wright and Eagen. Personal liability is a hallmark of section 1983 claims. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." <u>Johnson v. Newburgh Enlarged School Dist.</u> 239 F.3d 246, 254 (2nd Cir., 2001). It is clear that neither Eagen, Trabout, Goord, nor Wright, were not personally involved in any decisions related to the plaintiff, so there is no direct participation on their parts. Therefore the causes of action against them must be dismissed.

## POINT III

### PLAINTIFF HAS NOT ESTABLISHED THE NECESSARY ELEMENTS OF AN EIGHTH AMENDMENT "DELIBERATE INDIFFERENCE" CLAIM AGAINST DESAI, YIN, FOWLER, WRIGHT, TRABOUT, RABIDEAU, HOPKINS, FRAWLEY, BARTLETT-BIGG, O'CONNELL, AND CANFIELD

The plaintiff maintains that defendants Desai, Yin, Fowler, Wright, Trabout, Rabideau, Hopkins, Frawley, Bartlett-Bigg, O'Connell, and Canfield ("medical defendants") were deliberately indifferent to his medical needs. To obtain liability, the plaintiff must establish that the defendants acted with deliberate indifference to a serious medical need for an Eighth Amendment claim involving prison medical care to be successful. <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991); <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). The test for a violation is two-fold, with both objective and subjective elements. <u>Hathaway v. Coughlin</u>, 37 F.3d 63 (2d Cir. 1994), <u>cert. denied</u> 115 S.Ct. 1108 (1995). The objective component requires that the deprivation must be sufficiently serious. The subjective component requires that the official must act with a sufficiently culpable state of mind. The plaintiff must prove that the defendant wantonly intended to cause the plaintiff to suffer. <u>Wilson v. Seiter</u>, 501 U.S. 294, 302 (1991).

In the case at bar, the treatment that plaintiff received from the medical defendants did not place plaintiff in "a condition of urgency, one that may produce death, degeneration, or extreme pain." <u>Hathaway v. Coughlin</u>, 99 F.3d 550, 553 (2d Cir. 1996) (citations omitted). According to the United States Supreme Court, the act or omission of the prison official merely must reach a degree of seriousness that results in the denial of the "minimal civilized measures of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Based upon this standard, the courts have held that a host of ailments have not risen to the level of sufficiently serious injury. For instance, in <u>Davidson v. Scully</u>, plaintiff's combined allegations of an eye condition, tinnitus, allergies, podiatric and knee injuries, post-surgery hernia condition, urological, dermatological and cardiological problems did not amount to a sufficiently serious claim that

could satisfy the objective component of an Eighth Amendment violation. Davidson v. Scully, 914 F. Supp. 1011, 1015-1016 (S.D.N.Y. 1996).

"The subjective element requires a state of mind that is the equivalent of criminal recklessness..." Hathaway, 99 F.3d at 553. The prison official must both know of and disregard an excessive risk to inmate health and safety. Farmer v. Brennan, *supra* at 837 (1994). Based upon the Supreme Court's reasoning in Farmer v. Brennan, courts have consistently found that the decisions of medical personnel regarding even serious problems, which depart from good medical practice and may support actions for negligence or even gross-negligence, are still insufficient to constitute Eight Amendment violations. See e.g. Lynsky v. City of Boston, 761 F. Supp. 858 (D. Mass. 1990).

Further, it is well settled in the Second Circuit that "mere negligence in the treatment of a prisoner's physical condition, or claims based on differences of opinion over matters of medical judgment, fail to rise to the level of §1983 violations." Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972); see also Williams v. Coughlin, 650 F. Supp. 955, 957 (S.D.N.Y. 1987). Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates and "mere disagreement with prison officials about what constitutes appropriate medical care does not state a cognizable claim under the Eight Amendment." Ross v. Kelly, 784 F. Supp 35, 44, aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992). Also, "where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir 1976). See also Abdul-Matiyn v. New York State Department of Correctional Services,

et al., 871 F. Supp. 1542, 1548 (N.D.N.Y. 1994); Brown v. Martin, 953 F. Supp. 52, 58

(E.D.N.Y 1997). Additionally, an inmate does not have the right to treatment of his own choice.

Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986).

The submissions of the medical defendants herein clearly show that they responded to

plaintiff's complaints, provided him with medication, referred him to outside medical

consultations, and provided the prison administration with accurate information regarding the

plaintiff's ailments. They also show that the medical defendants had no power to enforce the

smoking policies, and had no control over where the plaintiff was housed. They therefore were

not indifferent to plaintiff's medical needs, and are entitled to judgment as a matter of law.

## POINT IV

### DEFENDANTS DID NOT VIOLATE PLAINTIFF'S PRIVACY RIGHTS

The plaintiff alleges that his privacy rights were violated by being required to attend sick

call in close proximity to other inmates (Complaint ¶¶ 180 - 192). A prisoner's constitutional

right to privacy to "personal matters" has been recognized in this circuit. Doe v. City of New

York, 15 F.3d 264, 267 (2d Cir. 1994); see also Powell v. Schriver, 175 F.3d 107, 112 (2d Cir.

N.Y. 1999). However, this privilege is not absolute and can be infringed upon to the extent that

the release of information "reasonably related to legitimate penological interests." Id. In the case

at bar, the plaintiff merely alleges that he was required to report to sick call in the presence of

another inmates. This does not implicate the serious medical conditions, the release of which has

been found to violate the right to privacy (i.e. transsexualism Powell, Id.; HIV-positive status

Doe v. Delie, 257 F.3d 309 (3d Cir. 2001); and Nolley v. County of Erie, 776 F. Supp. 715

(W.D.N.Y. 1991)). In fact, the case most resembles Rush v. Artuz, 2004 U.S. Dist. LEXIS

15333 (S.D.N.Y. Aug. 5, 2004) where the Court found no violation for claims that an inmate's privacy rights were violated when a physician conducted sick call standing at his cell in SHU, where others could overhear the conversation. Therefore the plaintiff's privacy claims should be dismissed.

**POINT V**

**DEFENDANTS EAGEN AND GRAUBARD DID NOT VIOLATE PLAINTIFF'S RIGHTS**

Plaintiff asserts liability against defendants Eagen and Graubard based on their alleged intentional mishandling of his inmate grievances (Complaint ¶¶ 82 - 82). These defendants deny this allegation and there is nothing offered by the plaintiff to justify such an accusation. However, even if true, the allegations fail to state a cause of action. "To the extent that plaintiff claims that his grievances were handled improperly or unprofessionally, courts have consistently held that because grievances procedures are undertaken voluntarily by New York and other states, they are not constitutionally required." Harris v. Howard, 2009 U.S. Dist. LEXIS 16620 (N.D.N.Y Mar. 3, 2009). The cause of action against Eagen and Graubard must be dismissed.

**POINT VI**

**DEFENDANTS DID NOT VIOLATE THE PLAINTIFF'S RIGHTS
BY DENYING HIM SICK CALL**

The plaintiff maintains that the medical defendants denied him access to sick call, by intentionally ignoring his requests for a call out slip (Complaint ¶¶ 243 - 250). However the declarations of defendants Desai, Yin, Fowler, Wright, Trabout, Rabideau, Hopkins, and Canfield deny that his sick call requests were ignored and make clear that the plaintiff was seen multiple times for assorted medical complaints. This is also true of the plaintiff's medical

-10-

records (Attached as Exhibit "B: to the Zimmermann declaration) which show that the plaintiff was seen multiple times each month for sick call (Bates Nos. 0001 - 1216). There is no material question of fact on this issue and that cause of action must be dismissed.

**POINT VII**

**DEFENDANTS DID NOT VIOLATE THE PLAINTIFF'S RIGHTS
BY DENYING HIM A PROPER DIET**

The plaintiff alleges that defendants Goord, Bennett, Smith, Desai, Yin, Trabout and Wright denied him access to a low fat, low salt Kosher diet (Complaint 203 - 215). However, plaintiff was put on a low fat, low salt Kosher diet. (Statement of Facts ¶ 30). He can offer no proof to the contrary. Further, he offers no proof that this is of such a serious nature that denial of such a diet amounts to deliberate indifference. Hathaway v. Coughlin, *Supra* at 553 (2d Cir. 1996). This cause of action must also be dismissed.

**POINT VIII**

**ALL CAUSES OF ACTION WHICH PRECEDE FEBRUARY 3, 2003
MUST BE DISMISSED AS UNTIMELY**

The plaintiff mailed the Complaint to the Court on February 3, 2003. While Fed. R. Civ Pro. Rule 3 provides that a "civil action is commenced by filing a complaint with the court" a "prisoner's complaint is deemed 'filed' on the date the complaint is delivered to prison officials for transmittal to the court." Covington v. City of New York, 171 F.3d 117, 120 n.1 (2d Cir. 1999). The "addendum" to the Complaint herein clearly states that the plaintiff placed the Complaint in the mail on February 2, 2003, although he also asserts that he mailed a previous copy to the Court on December 9, 2002. The Statute of Limitations for section 1983 claims brought in New York State is three years. Veal v. Geraci, 23 F.3d 722, 725 (2d Cir. 1994).

Therefore any claims arising prior to February 3, 2000 (three years prior to the mailing of the Complaint) must be dismissed (Complaint ¶¶ 1 - 37; and 43).

**POINT IX**

**THE PLAINTIFF HAS NO CONSTITUTIONAL RIGHT
TO POST-RELEASE TREATMENT PLANS**

The plaintiff asserts that he was not allowed to obtain copies of his post-release treatment plans from hospitals following his various surgeries, and was therefore denied equal protection of the law (Complaint ¶¶ 254 - 260).  This fails to state a cause of action.  The plaintiff further asserts that his right to these documents is under the New York's "Patients Bill of Rights" 10 NYCRR § 405. 7 (Complaint ¶¶ 255).  However, federal courts do not possess jurisdiction over State law claims brought against State officials where the requested relief would be directed against the state itself, even if the relief would be limited to prospective relief.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984).  Further, under New York Law, medical records, such as post treatment plans, are the property of the medical provider. New York Public Health Law § 17; see also Albany Med. Coll. v. McShane, 66 N.Y.2d 982 (1985); Paterna v. Zandieh, 130 AD2d 471 (2 Dept., 1987).  This cause of action must also be dismissed

**POINT X**

**THE PLAINTIFF HAS NO CONSTITUTIONAL RIGHT
TO BE FREE FROM SEARCHES OF HIS CELL**

The plaintiff alleges that defendant Graubard illegally searched his cell (Complaint ¶¶ 65 - 66).  The plaintiff has no constitutional right to protection from searches of his cell. Willis v. Artuz, 301 F.3d 65, 67-68 (2d Cir. N.Y. 2002).  Further, he denies that he missed any Court

deadlines due to this search (Statement of Facts ¶ 17). He therefore has no cause of action for denial of access to the Courts. Davis v. Goord, 320 F.3d 346 (2d Cir. 2003).

## CONCLUSION

The defendants have shown that plaintiff failed to state a cause of action against many of the defendants, and there are no genuine issues as to any material fact with regard to the plaintiff's causes of action against the other defendants discussed above. They are therefore entitled to judgment as a matter of law.

Dated: Buffalo, New York
      November 18, 2009

                                     ANDREW M. CUOMO
                                     Attorney General of the State of New York
                                     Attorney for Defendants
                                     BY:

                                     /s/ George Michael Zimmermann
                                     GEORGE MICHAEL ZIMMERMANN
                                     Assistant Attorney General of Counsel
                                     Main Place Tower, Suite 300A
                                     350 Main Street
                                     Buffalo, New York 14202
                                     (716) 853-8444
                                     George.Zimmerman@oag.state.ny.us