UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD DAVIDSON,

                       Plaintiff                        **WRIGHT DECLARATION**

-vs-

                                                   **Docket No: 03-CV-0121**

UDAY DESAI, et al.,

                       Defendants.
_____

      **LESTER WRIGHT, M.D.,** declares under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

      1. I am employed by the New York State Department of Correctional Services ("DOCS") as the Deputy Commissioner and Chief Medical Officer. I make this declaration in support of the defendants' motion for summary judgment based upon my personal knowledge and review of documents pertaining to Plaintiff's incarceration by DOCS.

      2. In this action, plaintiff alleges that the various defendants were deliberately indifferent to his medical needs.

      3. Specifically, plaintiff claims I was deliberately indifferent to his health and safety in that I ignored plaintiff's complaints about alleged denial of methadone by nursing staff (See Complaint ¶ 54). He also alleges that I or my designee reviewed plaintiff's grievances and letters (See Complaint ¶ 214).

      4. As Deputy Commissioner and Chief Medical Officer, my office routinely receives thousands of letters each year from inmates or other outside individuals on an inmate's behalf. When letters such as these are received, one of my staff assigns them to the appropriate staff

member who investigates the issues contained in the letter and responds. In some cases the responses are in my name and signed for me after review by a senior staff member.

5. Aside from receiving letters, I am also occasionally approached by inmates when touring a facility. Any complaints made to me in that situation would be handled in a manner similar to the above procedure for written letters.

6. At all times relevant to the instant case I had no personal knowledge of the events alleged by the plaintiff.

7. With regard to the specific issues for which the plaintiff wishes to hold me liable, as Deputy Commissioner and Chief Medical Officer I am not responsible the day to day care of the inmates. The actual medical care of the inmates is the responsibility of the physicians employed by DOCS to care for inmates at Attica, and the Facility Medical Director.

8. With regard to the Grievance Process, Grievances are initially processed at the facility level. Grievance appeals thereafter are processed by DOCS' Central Office Review Committee.

9. I am advised that the plaintiff alleges that he spoke to me regarding smoking at Elmira Correctional Facility. I have no memory of that having occurred. I have no memory of any contact with plaintiff regarding his complaints. It should be noted that since June 30, 2001, all DOCS facilities have been smoke free in indoor areas. However, I have no role in enforcing inmate disciplinary rules, or staff disciplinary rules (with the exception of my own immediate staff), including the no smoking rule.

10. Furthermore, I did not create or endorse any policy or custom that allowed the above alleged events to occur.

11. Although I have never been personally involved in any of the matters about which plaintiff complains, I assume that his concerns had been addressed appropriately, professionally,

and correctly in a manner which insured both the safe operation of the correctional facility and the preservation of plaintiff's rights.

12. Accordingly, I respectfully request that this Honorable Court grant this Motion for Summary Judgment and dismiss the plaintiff's complaint.

DATED: October __, 2009

                                                       _____
                                                       Lester Wright, M.D.