UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONALD DAVIDSON,

                  Plaintiff,

     v.

UDAY K. DESAI, M.D., *et. al.,*

                  Defendants.

**DECISION
and
ORDER**

**03-CV-121S(F)**

APPEARANCES:        RONALD DAVIDSON, *Pro Se*
76-A-1166
Shawangunk Correctional Facility
Box 700
Wallkill, New York    12589

                         ANDREW M. CUOMO
NEW YORK STATE ATTORNEY GENERAL
Attorney for Defendants
GEORGE M. ZIMMERMANN
Assistant New York Attorney General, of Counsel
107 Delaware Avenue
Buffalo, New York    14202

By papers filed October 28, 2009, Plaintiff requested assignment of counsel to assist Plaintiff in opposing Defendants' motion for summary judgment, filed November 18, 2009 (Doc. no. 106) ("Defendants' summary judgment motion"). Specifically, Plaintiff asserts a need for assistance of counsel and expert medical witnesses to assist Plaintiff in addressing complex medical issues Plaintiff contends are presented by Defendants' motion ("Plaintiff's motion") (Doc. No. 105). On March 25, 2008, Plaintiff's prior motion for assignment of counsel was denied (Doc. No. 96).

According to Defendants' summary judgment motion, Plaintiff's claims include several constitutional rights violations based on exposure to tobacco smoke, failure to provide Plaintiff with an anti-allergy medication and treatment by a specialized allergy

clinic, denial of recommended medical treatment, improper restrictions on Plaintiff's requests for outside medical treatment, failure to treat Plaintiff's infection and Plaintiff's complaint of severe pain and an impairment of Plaintiff's ability to walk following a discogram, improper cancellation of scheduled surgery, failure to assign Plaintiff to a pollutant free living space in the prison infirmary, violation of Plaintiff's right to privacy, improper interference in processing Plaintiff's sick-call requests, failure to provide Plaintiff with proper corrective lenses, refusal to provide Plaintiff with a low-fat, low-salt (kosher) diet resulting in Plaintiff's high-blood pressure condition, failure to provide Plaintiff with a copy of Plaintiff's post-treatment medical plan, intentional mishandling of Plaintiff's grievances, an illegal search of Plaintiff's cell, delayed administration of methadone treatment for Plaintiff's back pain resulting in painful withdrawal symptoms, and retaliation.

A review of Defendants' summary judgment motion indicates Defendants rely primarily on denials of personal involvement in Plaintiff's alleged violations of his First, Fourth, Eighth Amendment, and Due Process Clause rights, the absence of clearly constitutional rights, and a statute of limitations defense directed to Plaintiff's allegations arising prior to February 2, 2000. Although in his opposing affidavit (Doc. No. 119), Defendant Dr. Yin avers that the course of treatment received by Plaintiff between November 26 and December 16, 1999 for Plaintiff's back pain, which Plaintiff allegedly suffered as a result of an infection following a discogram performed by physicians at the Strong Memorial Hospital in Rochester, New York, was consistent with the proper standard of medical care for Plaintiff's symptoms, Dr. Yin also acknowledges that five days after Plaintiff's discharge from the Elmira prison's infirmary on December

2

21, 1999,[1] where Plaintiff was then housed, Plaintiff complained of "severe pain and difficulty in ambulation."  Yin Declaration (Doc. No. 119) ¶ 10.  In response to Plaintiff's complaint, according to Dr. Yin, Dr. Yin consulted a prison guard about Plaintiff's "condition" and was informed that Plaintiff was "fine" and "look[ed] normal."  *Id.*  Dr. Yin does not state he examined Plaintiff after receiving the guard's report on Plaintiff's condition or prescribed any additional medications for Plaintiff to address such pain at that time.

In his motion, Plaintiff seeks appointment of counsel to assist Plaintiff in establishing his various medical treatment claims, in opposition to Defendants' summary judgment motion, including the need for expert medical testimony review of Plaintiff's relevant medical history to support Plaintiff's claims that several medical staff members employed by the New York State Department of Corrections, who are alleged to have been involved in Plaintiff's medical treatment, failed to properly treat Plaintiff during the time periods alleged by Plaintiff, constituting deliberate indifference to Plaintiff's serious medical needs.  Plaintiff also requests that copies of correspondence Plaintiff received from various attorneys declining to represent Plaintiff in connection with his claims, attached to Plaintiff's motion, be sealed because Plaintiff considers such documents as within the attorney-client privilege.  By text order dated November 30, 2009 (Doc. No. 121), the court stayed Plaintiff's response to Defendants' summary judgment motion, pending a determination by the court on Plaintiff's motion.

---

[1]  It is unclear from the record whether Plaintiff was discharged from the infirmary on December 21, 1999, or whether he complained to Dr. Yin about severe pack pain on that date.  A cursory review of Plaintiff's medical records indicates Plaintiff complained about severe back pain during that time period and was treated with a moderate pain relief medication.

As noted, Defendants assert several bases for summary judgment including lack of personal involvement and that some of Plaintiff's claim are barred based on the applicable three-year statute of limitations. Defendants' Memorandum of Law in Support of Summary Judgment (Doc. No. 115) ("Defendants' Memorandum) at 11-12. Except as to Defendants' failure to timely restore Plaintiff's methadone treatment for Plaintiff's back pain (Plaintiff's First Claim), which allegedly occurred in 2002 pursuant to a "policy," Complaint ¶¶ 55, 58, 62, Plaintiff does not allege that any of the other constitutional violations Plaintiff suffered as a result of Defendants' actions or failures to act were pursuant to a policy established or maintained by Defendants. Thus, as regards any of Plaintiff's claims arising prior to February 2000, Plaintiff's claims may be time-barred as they are allegedly based on "discrete unlawful acts," *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (claims based on "discrete unlawful actions" occurring prior to the three-year period of limitations ending upon the filing of the complaint barred unless most recent act within the period is pursuant to a "policy" of unconstitutional deliberate indifference to a plaintiff's medical needs) and may not be timely asserted under the "policy" exception to the statute of limitations. In the instant case, while Plaintiff alleges Dr. Yin was deliberately indifferent to Plaintiff's request for medical attention resulting in Plaintiff's suffering "severe pain," as Dr. Yin acknowledged, Yin Declaration ¶ 10, or "excrutiating [*sic*] pain," as Plaintiff claims, Complaint ¶ 10, these failures, including Dr. Yin's alleged refusal to return Plaintiff to Strong Memorial Hospital for treatment of his fever and pain as Plaintiff had requested, Complaint ¶ 10, are alleged to have taken place in November 1999 and December

1999, more than one year prior to the date the Complaint was filed, February 18, 2003.[2] The court notes, however, that Plaintiff asserts he attempted to mail the Complaint on December 9, 2002 but that the Complaint was not mailed because of a failure by prison officials to provide proper postage. Complaint Addendum.

To warrant assignment of counsel the court must determine the "likelihood of merit" in a *pro se* indigent plaintiff's claim, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). In exercising its discretion, *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984) (assignment of attorney to indigent party discretionary with court), the court should consider, in addition to the merits of an indigent plaintiff's claims, the plaintiff's ability to investigate the relevant facts, the need for cross-examination of important conflicting evidence, the complexity of the legal issues, and other special reasons dictating the need for appointed counsel to achieve a just outcome. *Hendricks*, 114 F.2d at 390. "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

In this case, the part of Plaintiff's deliberate indifference claims arising from Dr. Yin's failure to return Plaintiff to the Rochester hospital for follow-up treatment and Dr. Yin's failure to respond to Plaintiff's requests for treatment for ill-effects of a discogram and related severe pain, Complaint ¶¶ 1 - 8, in the fall of 1999, appears to be outside the applicable three-year period of limitations even if Plaintiff's complaint was deemed

---

[2] Plaintiff's complaints and requests for outside treatment were communicated to Defendant Dr. Desai in a letter from Dewey Ballantine LLP, Plaintiff's counsel in an unrelated action, dated December 17, 1999, a copy of which is included among Plaintiff's medical records filed by Defendants.

filed on or about December 9, 2002, as Plaintiff contends.  The same is true of

Plaintiff's allegations against Dr. Yin and Dr. Desai for failure to threat Plaintiff during

November 1999.  Complaint ¶¶ 7 - 14.

As to Plaintiff's claims against Dr. Yin based on Dr. Yin's alleged failure to treat

Plaintiff for severe pain on December 21, 1999, Yin Declaration ¶ 10, this violation

could be within the three-year period, if the Complaint is deemed filed on December 9,

2002 as Plaintiff asserts.  *See Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999)

("We have held that a *pro se* prisoner's § 1983 complaint is deemed filed for statute of

limitations purposes, when it is delivered to prison officials [for mailing]. (citing cases)).

However, whether such assumed timely filing is sufficient to reach Dr. Yin's alleged

indifference occurred may be reconstructed through affidavits and whether Dr. Yin's

refusal to examine and treat Plaintiff on or about December 21, 2002 for such pain are

sufficient to raise a material issues of fact for trial may also be assessed in opposition to

Defendants' motion for summary judgment based on review of Plaintiff's medical

records, Plaintiff's testimony by affidavit, *see Chance v. Armstrong*, 143 F.3d 698, 701-

02 (2d Cir. 1998) (because inmate plaintiff's allegations of pain were not medically

impossible to prove, plaintiff sufficiently stated Eighth Amendment deliberate

indifference claim), and Dr. Yin's admission that he was aware of Plaintiff's complaint of

severe back pain and Plaintiff's resulting inability to walk, and, instead of examining or

treating Plaintiff, relied on a prison guard's lay assessment of Plaintiff's medical

condition in concluding Plaintiff did not require medical attention.  *See Curry v.

Tousignant*, 2007 WL 2859718, at *5 (W.D.N.Y. Sep't. 26, 2007) (prison medical

personnel may not avoid liability for deliberate indifference to prisoner's medical needs

to prevent serious risk of injury or pain in reliance on non-medical staff to assure

plaintiff's medical needs are met) (citing cases). Regarding Plaintiff's other claims, the court finds Plaintiff's opposition to summary judgment may be sufficiently evaluated upon the record without assistance of counsel. For example, Plaintiff's claims based on exposure to tobacco smoke and violation of his Due Process protected privacy rights do not require the assistance of counsel to effectively oppose summary judgment.

Thus, the court concludes that except for Plaintiff's failure to treat claims, Plaintiff's other claims lack sufficient potential merit to warrant assignment of counsel at this time or do not require assistance of counsel in order to oppose summary judgment. *See Carmona*, 243 F.3d at 632 (non-frivolous but thin-on-merits claim does not justify counsel be assigned); *Hendricks*, 114 F.3d at 392 (court must assess likelihood of merit on request for assigned counsel). Further, as discussed, Discussion, *supra*, at 6, Plaintiff's deliberate indifference claim based on Plaintiff's allegations of a failure to treat may be evaluated, in opposition to summary judgment, based on Plaintiff's affidavits and the court's evaluation of Plaintiff's medical records. Should Plaintiff be successful in opposing summary judgment as to such claims, Plaintiff may reapply for assignment of counsel to represent Plaintiff at trial.

Finally, there is no merit in Plaintiff's request to seal the copies of Plaintiff's correspondence received from attorneys whom Plaintiff sough assistance as such communications are not within the attorney-client privilege. *See Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie, S.C.A.*, 258 F.R.D. 95, 101 (S.D.N.Y. 2009) (letter from attorney containing no legal advice, nor revealing undisclosed motive, strategy, or nature of any services provided, was not privileged).

Accordingly, for the reasons discussed, Plaintiff's motion should be DENIED.

**CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 105) is DENIED.

Plaintiff shall file his response to Defendants' summary judgment motion not later

than **May 17, 2010**.  Defendants' reply, if any, shall be filed not later than **July 16,**

**2010.**  Oral argument shall be at the discretion of the court.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: February 23, 2010
        Buffalo, New York


PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND

ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH

THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE

OF THIS DECISION AND ORDER IN ACCORDANCE WITH

FED.R.CIV.P. 72(a).