UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RONALD DAVIDSON

      Plaintiff

-vs-                                      **AMENDED COMPLAINT**

M.D. UDAY K. DESAI, M.D.      03-cv-00121
CHENG YIN, N.P. HEMAN FOWLER,
M.D., LESTER WRIGHT, M.D.
MARSHALL TRABOUT, FLOYD
BENNETT, R.N. ANNE
RABIDEAU, CALVIN WEST, R.N. MARIJON
HOPKINS, R.N. KATHERINE FRAWLEY, R.N.
DEBORAH BARLETT-BIGG, SHERYL GRAUBARD,
THOMAS EAGEN, R.N. NANCY O'CONNELL,
WEXFORD HEALTH SERVICES, DANA SMITH,
WESLEY CANFIELD, M.D., ROBERT GUZMAN AND
GLENN GOORD,

      Defendants

---

Plaintiff Ronald Davidson a prisoner of the State of New York, by his attorneys Hagerty & Brady, for his amended and supplemental complaint states as follows upon information and belief:

1. Plaintiff restates and realleges and incorporates herein by reference his original complaint dated December 9, 2002 and filed February 18, 2003 which complaint was brought pro se, including the grounds for

jurisdiction asserted in paragraph 2 thereof.

2. Plaintiff amends and supplements his original complaint as set forth herein.

3. Paragraph three of the original complaint is supplemented by stating that plaintiff's place of confinement, as of on or about January 10, 2005, is Shawangunk Correctional Facility with an address of 750 Prison Road, Wallkill, NY 12589.

4. Paragraph 4B1 of the original complaint is amended to state that the lawsuit <u>Davidson v. Brezezniak</u>, 95-cv-00204 was tried to conclusion before the Hon. Richard J. Arcara in 2011.

5. Paragraph 4B1 of the original complaint is supplemented to add an additional related action: <u>Davidson v. Canfield</u>, 07-cv-00599.

6. Plaintiff restates claims one, three, four, six, seven, eight, nine, eleven and twelve of the original complaint for purposes of preservation of appeal rights as those causes of action have been dismissed by this Court by order dated August 25, 2011 (Docket #148).

7. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of United States. This action is brought pursuant to 42 USC Section 1983. This Court has

jurisdiction over each of the existing causes of action because each alleges constitutional violations for which this Court has original jurisdiction under 28 USC Sections 1331 (federal question jurisdiction), 1343 and 2201.

8.   Venue is proper in this district under 28 USC Section 1391 (b)(1) and (2) the defendants are, or were at the time this action was instituted, residents of this district and (2) a substantial part of the events or omission omissions giving rise to the claims occurred in this district, i.e., those claims alleged in the existing causes of action.

## SECOND CAUSE OF ACTION

9.   Plaintiff restates and realleges the second cause of action as set forth in his original complaint as well as the factual allegations set forth in his first cause of action and alleges in addition the following.

10.   In 1998, plaintiff was handcuffed behind his back which resulted in injury to his shoulders.

11.   Thereafter, plaintiff sought medical treatment while incarcerated at Elmira Correctional Facility and complained about pain in his shoulders, consistently describing the pain as at the acromioclavicular joint - the AC joint - of the shoulder.

12. Plaintiff was examined at various times in 1999 and 2000 at the medical clinic of the Elmira Correctional Facility for the injury to his shoulder.

13. On or about September 5, 2000, plaintiff was examined at the request of defendant Desai by a Board Certified Orthopedic Surgeon, Dr. John Mosher, at SUNY Upstate Medical Facility in Syracuse, New York.

14. Dr. Mosher recommended that plaintiff have surgery on his left shoulder, specifically, resection of the distal clavicle of plaintiff's left shoulder.

15. Plaintiff consented to the surgery and it was approved by defendant Desai and prison authorities, including on information and belief Defendant Whelan.

16. The left shoulder surgery was scheduled for November 10, 2000. That surgery was then canceled on the alleged basis that plaintiff needed to have a chest x-ray, even though his medical records contained a chest x-ray from November 10, 1999, which complied with SUNY Upstate Medical Facility's protocol.

17. Thereafter, plaintiff was forced to undergo a further chest x-ray and the surgery was rescheduled for December 15, 2000.

18. After being advised to prepare for the surgery by not eating or drinking after midnight, plaintiff was informed on the morning of December 15, 2000 that the surgery, which had been scheduled by Dr. Mosher, a Board Certified Orthopedist, and approved by defendant Desai, had been canceled.

19. Despite a recognized medical need for the surgery as found by a Board Certified Orthopedist and as approved by defendant Desai and prison authorities, defendants Desai, Yin and Canfield have failed and refused to see to it that plaintiff have surgery on his left shoulder.

20. Such failure and refusal of these defendants was ongoing when this action was instituted in February 2003, and constituted deliberate indifference to the serious medical needs of plaintiff in violation of his Eighth Amendment rights.

21. In addition to the failure and refusal to see to it that plaintiff have surgery on his left shoulder, defendants Desai, Yin and Canfield failed to provide proper pain management treatment to plaintiff

despite their knowledge that plaintiff suffered severe pain caused by plaintiff's degenerative disc disease in his back.

22. Despite knowing that such degenerative disc disease caused plaintiff severe pain, defendants Desai, Yin and Canfield failed and refused to adequately provide plaintiff with pain medication for extended time periods, including methadone.

23. Such failure included the failure to prescribe and/or provide methadone on a timely basis which caused plaintiff to needlessly suffer from withdrawal symptoms.

24. Additionally, defendants Desai, Yin and Canfield failed and refused to return plaintiff to the Pain Management Center at Upstate Medical Center or to the care of a board certified pain management specialist.

## FIFTH CAUSE OF ACTION

25. Plaintiff restates and realleges the fifth cause of action as set forth in his original complaint and alleges in addition the following.

26. The failure and refusal of the defendants Desai, Yin, Bennett, West, Graubard, Dana Smith and Canfield to protect plaintiff from

secondhand smoke and other allergens was ongoing when this action was filed in Febrary 2003

27. On numerous occasions, plaintiff requested said defendants to protect plaintiff from secondhand smoke.

28. Said Defendants were aware that exposure to secondhand smoke is harmful to the health of plaintiff and that there is no safe level of exposure to secondhand smoke.

29. On information and belief, said defendants were aware that prison employees at Elmira Correctional Facility filed complaints with their unions and/or DOCCS about exposure to second hand smoke.

30. Despite this awareness, said defendants deliberately refused to protect plaintiff from exposure to secondhand smoke which refusal was ongoing when plaintiff instituted this action in February 2003.

31. The failure to protect plaintiff from exposure to secondhand smoke and other allergens constituted deliberate indifference to plaintiff's serious medical needs in violation of his Eighth Amendment rights.

## TENTH CAUSE OF ACTION

32. Plaintiff restates and realleges the tenth cause of action as set forth in his original complaint and alleges in addition the following.

33. Defendants have failed and refused to arrange for plaintiff to have his left shoulder surgery in retaliation for plaintiff having exercised his right to assert grievances.

34. Such retaliation is a violation of plaintiff's First Amendment rights.

35. Such retaliation against plaintiff by defendants DeSai, Yin and Canfield was ongoing when this action was instituted in February 2003.

## JURY DEMAND

36. Plaintiff demands a jury trial.

**WHEREFORE**, plaintiff demands an award of compensatory damages on each cause of action, punitive damages as warranted, as well as injunctive relief from this Court requiring defendants to authorize left shoulder surgery as recommended by DOCCS' consultants and/or staff physicians, to order methadone or other appropriate pain medication for plaintiff's back pain, to protect plaintiff against secondhand smoke, and to

provide plaintiff regular appointments with a pain management specialist, and such other and further relief as is proper.

DATED:   November 5, 2014.
         Buffalo, New York

HAGERTY & BRADY

By: s/ Michael A. Brady
         Attorney for Plaintiff, Ronald Davidson
         69 Delaware Avenue, Suite 1010
         Buffalo, NY 14202-3875
         (716) 856-9443