UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONALD DAVIDSON,

        Plaintiff,
v.

UDAY K. DESAI, M.D., ET AL.,

        Defendants.

**DECISION AND ORDER**
03-CV-121S

Presently before this Court is Plaintiff Ronald Davidson's Motion for an Order Directing Defendants to Produce Plaintiff for a Physical Examination (Docket No. 217), brought pursuant to Rule 35 (a) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied.

Plaintiff is an inmate confined in the Shawangunk Correctional Facility in Wallkill, New York. In preparation for his upcoming civil trial, he has secured the *pro bono* expert services of Joseph D. Zuckerman, M.D., Chair of the Department of Orthopedic Surgery at New York Hospital. Dr. Zuckerman has offered to examine Plaintiff free-of-charge in his offices in New York City. Relying on Rule 35 (a) of the Federal Rules of Civil Procedure, Plaintiff seeks to compel Defendants to transport him from Shawangunk to Dr. Zuckerman's offices for purposes of conducting the examination.

Rule 35 (a)(1) provides as follows:

> The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

An Order under Rule 35 must be based on good cause, and the moving party must

1

specify the time, place, manner, conditions, and scope of the examination, as well as identify the individual or individuals who will perform it.  See Rule 35 (a)(2).

Here, Plaintiff's reliance on Rule 35 is misplaced for several reasons.  First, Plaintiff is not seeking to have this Court Order a party to submit to a physical or mental examination.  Rather, he seeks to be transported to his own physical examination to which he will voluntarily submit.  Second, as both sides recognize, "Rule 35 . . . does not appear to contemplate the plaintiff seeking an examination of himself."  See Nesbitt v. Riley, C/A No. 0:14-2788-RMG-PJG, 2015 WL 1517505, at *2 (D.S.C. April 1, 2015); Muhammad v. Wright, No. 08-CV-473(Sr), 2010 WL 1981648, at *2 (W.D.N.Y. May 17, 2010); Rodriguez v. Conway, No. 10-CV-6243L, 2011 WL 4829725, at *3 (W.D.N.Y. Sept. 6, 2011); Flakes v. Frank, No. 04-C-189-C, 2005 WL 1114529, at *1 (W.D.Wis. May 6, 2005) (noting that Rule 35 contemplates a request for examination *by the opposing party* and further noting that "[Rule 35] is not intended to cover a situation . . . where plaintiff wishes an examination of himself").

In addition, although Plaintiff directs his motion at the named defendants, he essentially seeks to compel non-party New York State Department of Corrections and Community Supervision ("NY DOCCS") to transport him from the Shawangunk Correctional Facility to his retained expert's medical office in New York City (and back) to allow his expert to physically examine him in preparation for trial.  Rule 35, however, specifically limits the court's authority to compelling "*a party* to produce for examination a person who is in its custody or under its legal control."  Rule 35 (a)(1) (emphasis added).  While it is true that Defendants are employed by NY DOCCS, it remains that NY DOCCS is not a party to this action.

At bottom, Plaintiff seeks an Order compelling non-party NY DOCCS to transport him to Dr. Zuckerman's office for a medical examination. Setting aside any issues relating to the convenience or costs of such transportation, Rule 35 does not authorize such an Order, nor has Plaintiff provided any other authority in support of his request.[1]

For these reasons, Plaintiff's motion is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for an Order Directing Defendants to Produce Plaintiff for a Physical Examination (Docket No. 217) is DENIED.

SO ORDERED.

Dated:    June 23, 2015
         Buffalo, New York

                                             s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge

---

[1] This Court notes that NY DOCCS does not object to Dr. Zuckerman examining Plaintiff at Shawangunk, and it will facilitate such an examination with notice. (Declaration of George M. Zimmerman, Docket No. 228-1, ¶14; Affidavit of Michael A. Brady, Docket No. 217-1, Exhibit B.)